AMERICAN NAT. BANK OF MACON v. COMMERCIAL NAT. BANK OF MACON et al.

(District Court, S. D. Georgia, E. D. January 21, 1918.)

No. 25.

1. BANKS AND BANKING ⬅248(1)—LIQUIDATION AGENT—AUTHORITY.
   A loan to a liquidation agent of a national banking association cannot make stockholders individually liable under Rev. St. § 5220 (Comp. St. 1916, § 9806), and section 5151.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. BANKS AND BANKING ☞283—LIQUIDATION CONTRACTS—RATIFICATION BY STOCKHOLDER.

The directors of defendant national bank recommended by resolution that it was expedient to go into voluntary liquidation, under Rev. St. §§ 5220, 5223 (Comp. St. 1916, §§ 9806, 9810), providing that any association may go into liquidation and be closed by the vote of its shareholders owning two-thirds of its stock, and declaring that an association which is in good faith winding up its business for the purpose of consolidating with another shall not be required to deposit lawful money for its outstanding circulation, and that the question of a consolidation with complainant bank by a sale of the assets of the bank should be submitted to stockholders. Though the directors of the defendant bank had authorized its officers to transfer to complainant all of its assets as cash or as collateral for its notes, the assets had been turned over, but no notes had been taken indicating any indebtedness. Defendant's stockholders ratified the resolution of the board of directors, transferring and assigning the assets of their corporation to complainant. Complainant by resolution assumed defendant's debts, and authorized its directors to contract with the directors of defendant, or such liquidating agent as might be appointed. *Held*, that as the contract submitted to and ratified by the stockholders was plainly a sale, and created no debt, and all of the stockholders did not participate in the ratification, they cannot be held liable individually as stockholders by complainant, which assumed the obligations of the defendant bank, particularly as a loan to a liquidating agent could not make the stockholders individually liable.

3. BANKS AND BANKING ☞262—DISSOLUTION—STOCKHOLDERS.

In such case, the acts and conduct of the directors of defendant cannot bind the stockholders, who had a right to rely on a written resolution of liquidation; the acts of the directors not being a practical construction by the stockholders.

4. BANKS AND BANKING ☞283—CONSTRUCTION—ACTS OF PARTIES.

In such case, a susbequent stockholder's resolution authorizing the sale of a portion of the property of defendant national bank, had two years after they ratified the agreement with the directors, is not admissible as the construction of a contract between the two banks.

In Equity. Bill by the American National Bank of Macon against the Commercial National Bank of Macon and its shareholders. On motion to dismiss amended bill. Bill dismissed.

Hardeman, Jones, Park & Johnston, of Macon, Ga., for plaintiff.

Hall & Grice, C. L. Bartlett, R. L. Berner, C. M. Hughley, Minter Wimberly, Jesse Harris, Jordan & Lane, W. D. McNeil, Ryals & Anderson, and Feagin & Hancock, all of Macon, Ga., Green F. Johnson, of Monticello, Ga., and W. A. Dodson, of Americus, Ga., for defendants.

EVANS, District Judge. When this bill was submitted on the motions to dismiss it, I reached the conclusion that the bill should be dismissed, and undertook to state the reasons therefor in an opinion filed November 8, 1917, 246 Fed. 721. Leave was granted to take an order sustaining the motions to dismiss, but before this order was taken complainant moved to amend its bill, which was allowed, subject to pending motions to dismiss and to subsequent motions to dismiss the bill as amended. Motions to dismiss the bill as amended have been filed.

The amendment states in full the resolutions of the directors of the two banks, which were epitomized in the contract, and alleges that

under these resolutions the assets of the Commercial were not purchased, but taken as collateral security for an indebtedness of the Commercial to the American Bank; that no notes were taken as contemplated in the resolution, as it was found to be impracticable to take notes; but that the money was advanced under an agreement between the banks that the indebtedness should be carried as an overdraft, and that such overdraft should be secured by the assets which were transferred as collateral security. The system of dealing and accounting between the two banks under this arrangement is set forth; each bank was alleged to have made separate reports to the Comptroller of Currency, and in these reports the Commercial Bank listed as a liability the amount due by it to the American, and the American included such liability in its reports under the head of loans and discounts. Plaintiff attached a resolution of the stockholders of the Commercial Bank, ratifying the action of its board of directors, as contained in the resolution of August 1, 1914, and the contract of August 11, 1914, made pursuant to such resolution. It was further alleged that on July 1, 1916, the directors of the Commercial Bank accepted the offer of the president of the American to purchase the Commercial Bank's building, fixtures, and furniture for $40,000, to be credited on the Commercial's indebtedness to the American. The prayers of the original bill were amended, so as to include a prayer for judgment against the Commercial Bank.

[1-3] It is well to bear in mind that the purpose of this bill is to enforce a stockholders' liability under Revised Statutes, § 5220 (U. S. Comp. St. 1916, § 9806), and section 5151. These sections apply to the voluntary liquidation of a national banking association by a vote of its shareholders owning two-thirds of its stock. It is not pretended in this bill that all of the shareholders participated in the liquidation of the Commercial Bank, so that the case must be considered from the standpoint of official action by the stockholders placing the bank in voluntary liquidation.

Liquidation in strict pursuance of the statute begins with action by the stockholders authorizing it. But this was not the course followed in this instance. The directors of the two banks acted in the matter under resolutions which they severally adopted. The whole of the Commercial's business was taken over by the American, all of the assets of the Commercial were transferred and delivered to the American, and a contract was entered into by the directors of the two banks, as a memorial of what they had done under these resolutions. Affairs were in this condition when the stockholders were called together. In their resolution the stockholders purported to ratify: (1) The resolution of their board of directors, dated August 1, 1914, transferring and assigning the assets of the association to the American National Bank; (2) the contract between the two banks, made pursuant to the resolution of their board of directors; (3) the action of a special meeting of stockholders, approving the resolution of the board of directors and the contract aforesaid.

It is this ratifying resolution which constitutes the voluntary liquidation by the stockholders. They interpreted the resolutions of their

directors in the condensed form contained in the contract, and ratified the contract with this understanding. I undertook in my former opinion to demonstrate that this contract was definite and unequivocal, and did not create the relation of debtor and creditor between the banks. The full text of the resolutions was not before me. The parties so clearly expressed their conception of their meaning that I do not think any ambiguity exists which justifies a reference to them. But, looking at the contract as it was presented to the shareholders for their ratification, these facts appear: (1) The Commercial's directors had recommended in their resolution that it was expedient to go into voluntary liquidation under sections 5220, 5223, of the Revised Statutes (Comp. St. 1916, §§ 9806, 9810), and that the stockholders should be called to consider a consolidation with the American National Bank of Macon "by sale of its assets to said bank." (2) The directors of the Commercial Bank had authorized its officers to transfer to the American National Bank "as cash or as collateral for the notes of this association all of its assets," and that the American should "take over the business" of the Commercial. The assets had been turned over, but no notes were taken indicating any indebtedness.

The American National Bank by resolution had assumed all of the Commercial's debts, and its directors were authorized to make a contract with the directors of the Commercial, "or with such liquidating agent as may be appointed for said association," thus clearly indicating that the American intended to buy the assets, because the resolutions contemplated the same character of contract was to be made with the directors of the Commercial Bank as would be made with its liquidating agent, in case the bank had appointed a liquidating agent. A loan could not be made to the liquidating agent of a national banking association, so as to make the stockholders individually liable for it.

On further consideration, I am confirmed in my opinion that the contract should be construed as one of purchase, and not of pledge of the Commercial's assets to the American.

It is contended that the contract is ambiguous, and in its essence is executory, and that the stockholders of the bank are bound by the practical construction put on it by the directors at the time of its ratification by the stockholders. I freely concede that, where an executory contract is ambiguous, the practical interpretation put upon it by the parties who are to be bound thereby may be considered in arriving at the true meaning of the contract. This rule is inapplicable here, because the contract is not ambiguous, and the acts and conduct of the directors cannot bind the stockholders, who had a right to rely on the written instrument.

[4] The stockholders' resolution authorizing the sale of its banking house and fixtures, adopted nearly two years after the contract of consolidation of the banks, and the sale of assets of one to the other was made, is of no evidentiary value as explaining the contract of August 11, 1914. Nor do the pleaded facts justify the interposition of the doctrine of estoppel.

Wherefore the petition as amended should be dismissed, as provided in the order accompanying this opinion.