9566.  AMERICAN NATIONAL BANK OF MACON *v.* ANDERSON.

The contract between the two banks and the acts done in pursuance of it, set out in the plaintiff's petition and relied on as showing a consolidation or merger of the banks and as rendering the defendant, the American National Bank of Macon, liable for the sum alleged to be due the plaintiff for services performed for the Commercial National Bank of Macon, did not have that effect; and the court erred in overruling the general demurrer to the petition.

DECIDED FEBRUARY 18, 1919.

(Certiorari granted by the Supreme Court.)

Complaint; from Bibb superior court—Judge Mathews. January 8, 1918.

*Hardeman, Jones, Park & Johnston, Harry S. Strozier,* for plaintiff in error, cited: American Nat. Bank *v.* Commercial Nat. Bank, 254 Fed. 249; Bouv. L. Dict. (Rawle's ed. 1914), "Consolidate," p. 620; "Merger" (of corporations), p. 2202; 5 Thomp. Corp., §§ 6040, 6038, 6044; Noyes, Intercorporate Relations, §§ 13, 17; *L. & N. R. Co.* v. *Hughes,* 134 *Ga.* 75 (1, 2); *Hawkins* v. *Cen. Ry. Co.,* 119 *Ga.* 159, 163; Pratt's Dig. (1917), 523; *Payne* v. *Continental Trust Co.* (similar contract), 18 *Ga. App.* 59; U. S. Rev. Stat., §§ 5151-2; *Shepard* v. *Bridges,* 137 *Ga.* 615 (1); *Union City Realty Co.* v. *Wright,* 138 *Ga.* 703 (4).

*Hall & Grice,* contra, cited: U. S. Rev. Stat., § 5223; American Nat. Bank *v.* Commercial Nat. Bank, 246 Fed. 721; *A., B. & A. Ry. Co.* v. *Johnson,* 127 *Ga.* 392 (2) (11 L. R. A., N. S., 1119, and notes, 1120, 1131); *Tompkins* v. *Augusta Southern R. Co.,* 102 *Ga.* 436, 443; *Hawkins* v. *Cen. Ry. Co.,* 119 *Ga.* 159, 163; *A., B. & A. R. Co.* v. *Atlantic Coast Line R. Co.,* 138 *Ga.* 353; 3 Purdy's Beach, Priv. Corp. 1287, 1886, and cit.; Shadford *v.* Detroit &c. Ry., 130 Mich. 300 (89 N. W. 960); Upton *v.* Tribilcock, 91 U. S. 47; 1 Thomp. Corp. § 372; 10 Cyc. 308, 309; Smith *v.* Los Angeles &c. R. C., 98 Cal. 210 (33 Pac. 53); State *v.* Baltimore &c. R. Co., 77 Md. 489 (26 Atl. 865); In re Utica Nat. Brewing Co., 154 N. Y. 268 (48 N. E. 268); Broughton *v.* Pensacola, 93 U. S. 268; New Orleans *v.* Clark, 95 U. S. 654; *Walker* v. *Rome,* 6 *Ga. App.* 59 (4), 63, 64; *Shepard* v. *Bridges, Union City Realty Co.* v. *Wright, Payne* v. *Continental Trust Co.,* supra, distinguished.

BROYLES, P. J.   W. T. Anderson brought suit jointly against the American National Bank of Macon and the Commercial National Bank of Macon, Georgia, for the recovery of an amount alleged to be due him for services rendered both banks as a member of the liquidating committee of the Commercial Bank, in assisting the American Bank to reduce to cash certain assets of the Commercial Bank which had been transferred to and taken over by the American Bank.   The theory upon which the petition was drawn was, that under a certain written contract (a copy of which was attached as an exhibit to the petition), entered into between the two banks on August 11, 1914, a consolidation or merger of these banks resulted, and that the surviving bank—the American National Bank—was liable for the debts of the absorbed bank,—the Commercial; and especially, as in this case, for services rendered upon the

request of both banks, although the services were performed under employment by the absorbed bank. As the petition is drawn, there can be no recovery against the American Bank unless there was a consolidation or merger of the two banks; and this question depends upon the proper construction of the contract of August 11, 1914. That contract was as follows:

"Georgia, Bibb County.

"Articles of agreement for the liquidation of the Commercial National Bank of Macon, Georgia, by the American National Bank of Macon, Georgia, both being national banking associations, made and entered into between said banks as the contracting parties.

"Whereas, on the 1st day of August, 1914, the board of directors of the Commercial National Bank, ·at a meeting of said board duly and regularly called, adopted a resolution which authorized the officers of said association to commence proceedings for the liqui-dation of said association under section 5220 and 5223 of the U. S. Revised Statutes, for consolidation with said American National Bank, and to transfer to said American National Bank all the assets of said Commercial National Bank, which assets were by said resolution so transferred and assigned, in order to fully pro-tect and secure said American National Bank for all moneys advanced or to be advanced by said association in the assumption and payment of the liabilities of said Commercial National Bank shown by a list of said liabilities hereto attached and identified as Exhibit A, and by the signature of the parties hereto, and which said resolution further provided that said American National Bank should take over the business of said Commercial National Bank, liquidate said assets, and account to the shareholders of said Commercial National Bank for any overplus which might remain after paying the depositors and other indebtedness of said Com-mercial National Bank in full, and the expense of realizing on the assets so transferred, the said American National Bank to charge nothing for its services in so doing, and which resolution further authorized and directed the officers of said Commercial National Bank to make such contract with the American National Bank as might be necessary or appropriate in order to carry out the general purposes of said resolution, the details of said contract to be left to the discretion of said officers; and

"Whereas, on the same date, the board of directors of the

American National Bank, at a meeting of said board duly and regularly called, adopted a resolution whereby said American National Bank assumed the payment of said depositors and other liabilities of said Commercial National Bank, shown by the list of liabilities set out in Exhibit A hereto attached and hereinbefore referred ·to, upon condition that the assets of said Commercial National Bank should be transferred to said American National Bank sufficient in amount and in value in the estimation of the officers of the American National Bank to fully protect and secure said association for any and all amounts payment of which was assumed under said resolution, and which resolution authorized the officers of said association to make such contract as might be necessary to carry out the purposes of said resolution, the details to be left to the discretion of said officers; and

"Whereas, the preliminaries and conditions in said resolution mentioned have been complied with, and the assets of the Commercial National Bank have been delivered to said American National Bank;

"Now, therefore, these articles of agreement witness:

"I.   That said Commercial National Bank has transferred, assigned, conveyed, and confirmed, and does by these presents transfer, assign, convey, and confirm unto the American National Bank of Macon, Georgia, its successors and assigns all of the assets of every kind and description, including cash and cash items on hand at the close of business on August 1, 1914, bills receivable, bonds, real estate, and personal property, and interest therein, and choses in action of all ·kinds, including all the United States bonds now on deposit with the treasurer of the United States as security for the circulation of the Commercial National Bank ·of Macon and for deposits of United States deposits, to have and to hold the same unto it, the said American National Bank of Macon, its successors and assigns, in· fee simple forever; and the title to said assets and each and all thereof said the Commercial National Bank of Macon, for itself and its successors, hereby warrants unto said the American National Bank, its ·successors and assigns, against the claims of all persons whatsoever.

"II.   That in contemplation of the liquidation of said Commercial National Bank under sections 5220, 5221, and 5223, U. S. Revised Statutes, said Commercial National Bank, by its officers

and directors, will call a meeting of the shareholders of said association to be held at Macon, Georgia, on August 12, 1914, and on the date or dates to which said meeting may be from time to time adjourned, and will procure proper resolutions by said shareholders and a sufficient majority thereof to comply with the law in such cases made and provided, liquidating said association and consolidating same with the American National Bank of Macon by the purchase of the assets of said Commercial National Bank by the American National Bank, but without providing for stock in the American National Bank to be issued to the shareholders of the Commercial National Bank, and ratifying and confirming the action of the Board of Directors of said Commercial National Bank as herein recited, and ratifying and confirming this contract.

"III. That said Commercial National Bank will also procure proper resolutions to be passed by said shareholders, appointing said American National Bank as liquidating agent for said Commercial National Bank in said liquidating for consolidation as aforesaid, said liquidation to be conducted in accordance with law and under the supervision of the board of directors of said Commercial National Bank.

"IV. That said Commercial National Bank, until the final liquidation of its affairs and final settlement with its shareholders, agrees to maintain its corporate existence, and that its directors and officers will at all times when called upon so to do by said American National Bank execute and deliver in the name of said association all other and further writings of all kinds which may be necessary to fully effectuate the transfer of said assets, the liquidation of said association, and this contract.

"V. That in consideration of the foregoing acts and agreements by the Commercial National Bank, said American National Bank hereby agrees that it will, and it does hereby, assume and promise to pay the same when and as the same are presented for payment, the depositors and other liabilities of said Commercial National Bank of Macon shown in Exhibit A hereto attached, and that in addition thereto it will and does hereby assume the redemption of the circulating notes of said Commercial National Bank, and that it will procure such resolution to be passed by its board of directors as may be necessary for it to assume the redemption of said circulating notes.

"VI. That said American National Bank will accept the appointment as liquidating agent of said Commercial National Bank, and will proceed with all due and reasonable diligence to liquidate said association and to collect and reduce to cash all the assets of said association, all of said assets to be held as security by said American National Bank for all advances made by it in paying the depositors and other liabilities of said Commercial National Bank and the actual expenses incurred by said American National Bank in realizing on said assets, and that after deducting from the proceeds of said assets the actual expenses incurred by said American National Bank in liquidating said association and acting as liquidating agent and in collecting said assets and realizing upon the same, it will apply said proceeds, first, in repaying to itself all amounts advanced by it hereunder, with interest thereon at the rate of seven (7%) per annum; next, in discharging the liabilities of said Commercial National Bank which shall not have been paid by advances made by said American National Bank, and that when all of said liabilities have been fully [dis] charged it will account to the shareholders of said Commercial National Bank and from time to time pay over to said shareholders pro rata of the surplus remaining in its hands from the proceeds of said assets, said American National Bank to act as such liquidating agent without compensation for its own services.

- "It being distinctly agreed and understood that in the event the said liquidating should be interrupted or discontinued for any reason beyond the control of said American National Bank, then and in that event said American National Bank shall and does hold all the assets of said Commercial National Bank as security for the advances which may have been made by it, up to the time such liquidation may be so discontinued.

"And it being further agreed and understood that neither the resolutions of said boards of directors of said associations nor this contract shall relieve the shareholders of the Commercial National Bank from their legal liabilities as shareholders to respond, in the event it may be necessary to have recourse upon such shareholders' liability, for any deficit which may remain after exhausting the other assets of said association in the payment of its liabilities.

"In witness whereof the parties hereto have caused these presents to be signed and delivered in duplicate by their proper corpo-

rate officers, and their corporate seals to be hereto affixed this 11th day of August 1914."

The liability sued on in this case was not included in the list of liabilities set out in Exhibit A.

It is contended by the learned counsel for the defendant in error that this contract and the performance under it, as set out in the declaration, showed a consolidation or merger of the two banks, and that the contract entered into and performance under it did not result in the creation of the relation of creditor and debtor between them. As was said by the United States Circuit Court of Appeals, 5th circuit, in passing upon this identical contract in the case of American National Bank of Macon *v.* Commercial National Bank of Macon, 254 Fed. 249, 256: "Provisions contained in the contract give some color to this contention if. they are considered by themselves without due regard to the remainder of the contract, the situation with which it dealt, and the conduct of the parties to the contract while performance under it was in progress evidencing what each of them understood was the effect of a compliance by the American Bank with the obligations imposed upon it by the contract. The provisions referred to—namely, the one as to the transfer of the assets, the one in regard to liquidating the Commercial Bank and consolidating it with the American Bank by the purchase by the latter of the assets of the former, and the one in regard to making one of the banks liquidating agent for the other—lose the significance sought to be attributed to them when they are considered in connection with other provisions contained in the contract and in the light of the situation existing when the contract was made and for some time afterwards, and of the construction of the contract by both parties to it as disclosed by what was done under it. . . The contract contains expressions and provisions which do not seem to us to be reconcilable with the existence of an intention other than that the making by the American Bank of the agreed disbursements in taking care of the liabilities of the Commercial Bank was to have the effect of creating a debt or debts owing by the latter to the former. . . The concluding provision of the contract was to the effect that neither the contract nor the resolutions authorizing it 'shall relieve the shareholders of the Commercial National Bank from their legal liabiliity as shareholders to respond, in the event it may be necessary to have recourse upon such

shareholders' liability, for any deficit which may remain after exhausting the other assets of said association in the payment of its liabilities'. It hardly is conceivable that this provision would have been inserted in the absence of an intention that the making by the American Bank of the disbursements it obligated itself to make would result in creating a liability of the Commercial Bank for which the latter's shareholders would be individually responsible."

We do not think that the petition as amended showed a consolidation or merger of the two banks. On the contrary, the averments of fact in the petition, when considered in the light of the contract attached thereto, showed that the relation of creditor and debtor existed between them; and in this ruling we are, in effect, sustained by the decision cited above, in which the contrary ruling of Judge Evans of the United States District Court, southern district of Georgia (248 Fed. 187), was reversed.

From what has been said it follows that no cause of action against the American National Bank was set out, and the court erred in overruling its general demurrer to the petition.

*Judgment reversed. Bloodworth and Stephens, JJ., concur.*