## ANDERSON *v.* AMERICAN NATIONAL BANK OF MACON.

1. The ruling in the opinion of the Court of Appeals, to the effect that the contract under consideration between the two defendant corporations did not effect a consolidation and merger of the two corporations, is affirmed.

2. Where one corporation transferred all of its assets to another corporation, including promissory notes and other choses in action, under a contract wherein it was stipulated that the latter corporation was to liquidate the affairs of the other and use all reasonable diligence in realizing upon the assets, and that the expenses incurred in thus realizing upon the assets were to be deducted from the proceeds of the assets transferred, and the overplus of the proceeds, after paying the liquidating corporation the moneys advanced by it and the expenses incurred in realizing on the assets, was to be returned to the shareholders in the corporation which had transferred the assets, one who was appointed by the corporation transferring the assets, to assist the transferee in realizing upon them, and whose services were accepted by and were of value to the transferee in the work of liquidation, could maintain a suit for the value of his services against the corporation taking charge of the assets, under the allegations in his petition showing the services rendered, the value thereof, and the acceptance of the same by the transferee of the assets, the other corporation being joined as a party defendant in the suit.

No. 1355. FEBRUARY 13, 1920.

Certiorari; from Court of Appeals.  23 *Ga. App.* 434.

Commercial National Bank of Macon, being embarrassed financially, on August 1, 1914, decided to liquidate and wind up its banking business.  To that end it entered into a contract with American National Bank of Macon, a copy of which is set forth in the opinion of the Court of Appeals, which opinion is brought here for review by a writ of certiorari, and it is unnecessary to set out this lengthy contract again.  (For the sake of brevity the two banks will hereinafter be called the American Bank and the Commercial Bank.)  Under that contract all the assets of the Commercial Bank were transferred and assigned to the American Bank, the transferee assuming the obligations of the other bank and agreeing to reduce the assets to cash.  It was stipulated in the contract, that the expense of realizing on the assets transferred and liquidating the business should be paid out of the proceeds of the assets transferred; that a sum equal to the liability assumed should be deducted from the proceeds; and that the American Bank should account to the stockholders of the Commercial Bank for any overplus that might remain.

W. T. Anderson brought suit jointly against the American Bank and the Commercial Bank, for the recovery of an amount alleged to be due him for services rendered both banks as a member of the liquidating committee of the Commercial Bank in assisting the American Bank to reduce to cash assets which had been transferred and taken over by the American Bank under this contract. The petition contains two counts.  In the first count, after stating the existence and execution of the contract between the two banks and making reference to a copy thereof attached, it is alleged that on the first day of August, 1914, all the assets of the Commercial Bank had been transferred to the American Bank, and that on the 11th day of August, 1914, contemporaneously with the agreement between the two banks, "the stockholders of the Commercial National Bank, at the request of the American National Bank, adopted a resolution appointing plaintiff as one of the committee to assist the American National Bank in reducing to cash the assets which originally belonged to the Commercial National Bank, . . but which had been transferred and taken over by the American National Bank;" that petitioner did, from the 11th day of August, 1914, until the 27th day of September, 1917, in compliance with

the provisions in said resolution, proceed to assist in liquidating the assets of the Commercial Bank; that he conferred from time to time with the American Bank as to notes, securities, and other choses in action which were transferred under the agreement, giving to this work his time and attention; that the reasonable value of plaintiff's services as set forth in the petition is $5,000 per annum; that under the agreement between the two banks all the assets of the Commercial Bank were assigned to and taken over by the American Bank; that the other bank on that date ceased to do a banking business; that the value of the assets transferred is approximately one million dollars; that by reason of the facts set forth the American Bank is liable to the plaintiff as a creditor of the said Commercial Bank for the debt due to plaintiff as aforesaid by the Commercial Bank. In count two it is alleged that the effect of the contract entered into was to merge and consolidate the two banks, and that by reason of this consolidation and the terms under which the merger was effected the defendants were indebted to the plaintiff in the sum alleged. The prayers were for a judgment for the amount sued for, and for process. The American Bank demurred to both counts, on the ground that they set up no cause of action against the demurrant; and to the second count on the further ground that it contradicts, adds to, and varies the written agreement referred to. At the hearing the demurrers to the petition were overruled upon each and all the grounds thereof, the trial judge being of the opinion that the contract between the two banks effected a consolidation and merger of the two corporations, and from that construction of the contract he held that both counts were good as against a demurrer. Upon review of this judgment by the Court of Appeals the latter court took a different view as to the proper construction of the contract, holding that there was no consolidation and merger, and reversed the ruling below; and the judgment of the Court of Appeals is by writ of certiorari brought here for review.

*Hall & Grice,* for plaintiff. *Hardeman, Jones, Park & Johnston* and *Harry S. Strozier,* for defendant.

FISH, C. J. (After stating the foregoing facts.)

1. After a careful consideration of all the facts in the case as alleged in the petition, we are of the opinion that the Court of Appeals properly held that the contract in question did not effect

a merger of the two corporations, the defendants in the case. That view is supported by the opinion of the United States Circuit Court of Appeals, 5th Circuit, in the case of American National Bank of Macon v. Commercial National Bank of Macon, 254 Fed. 249, in construing this identical contract. As we agree with the Court of Appeals upon the question as to whether there was a consolidation and merger of the two corporations, further discussion is unnecessary.

2. But neither the trial judge nor the Court of Appeals seems to have considered the question as to whether or not, under the facts alleged in count 1 of the petition, the plaintiff was entitled to recover although there was no consolidation of the two banks. Under the allegations of the petition the plaintiff rendered valuable services in the necessary work of liquidating the assets of the Commercial Bank. In the performance of the duties undertaken by him he rendered services to the American Bank, conferring with them as to notes, securities and other choses in action which had been transferred by the Commercial Bank. These services were accepted by the American Bank. He had been named in a resolution appointing him as one of a committee to assist the American Bank in reducing the assets to cash. Services like these can properly be regarded and treated as a part of the expense incurred in realizing on the assets, which they were authorized to deduct from the proceeds of the assets. The contract under which these assets were transferred by the Commercial Bank to the American Bank contains the express provision that the latter bank accepted the appointment as liquidating agent of the other bank, and should proceed with all due diligence in the course of liquidation to collect and reduce to cash all of the assets, and that the actual expenses. incurred by the American Bank in realizing on said assets should be deducted from the proceeds produced by realizing on said assets. The allegation that these services were of value to the American Bank is to be taken as true in passing upon the demurrer. The question as to whether the plaintiff could have sued. on a quantum meruit against the American Bank alone for the value of his services is not involved, as the plaintiff has seen fit to sue both of them and to rely upon the contract and upon the value of the services rendered. We are of the opinion that the suit as brought is maintainable. The obligation of the American Bank

to the Commercial rests upon the express terms of this contract, and under the provisions of that contract the services of the plaintiff in the case were rendered and were accepted by the liquidating agent.

It is insisted by counsel for the American Bank that even if there was an undertaking entered into by that bank to pay for such services as those claimed to have been rendered, it was a promise and undertaking to the Commercial Bank, and that a party for whose benefit the promise was made could not maintain a suit at law, that he would be compelled to bring a suit in equity to obtain the benefit of the promise, and that the present action is one at law. Authorities are cited to support that contention. The proper reply to that contention seems to us to be that the present suit has all the necessary elements of an equitable petition to entitle the plaintiff to the only judgment which could be rendered, that is, a judgment for the value of his services. It is true that the prayers are merely for judgment and for process. What else would have been asked in the most formal equitable petition? The petition shows clearly the relation of the defendants to one another in this transaction, and shows the facts that were the basis of the plaintiff's right under the contract, treating it as one between the two banks. We think, therefore, that the general demurrer to the petition was properly overruled by the trial judge. And while his reason for doing so was placed upon the ground about which we differ, nevertheless the entire petition should not have been dismissed.

The second count in the petition, wherein the plaintiff seeks to state a cause of action based upon the theory that there was a consolidation of the two banking corporations, can not avail the plaintiff; and the demurrer to that part of the petition should have been sustained. But the judgment of the trial court overruling the demurrer should not have been reversed generally. The judgment of the trial court should have been affirmed in part and reversed in part. It should have been reversed in so far as it overruled the demurrer to the second count of the petition, but affirmed in so far as it overruled the demurrer to the first count.

*Judgment of the Court of Appeals reversed. All the Justices concur.*