### 9566. AMERICAN NATIONAL BANK OF MACON v. ANDERSON.

Under the decision of the Supreme Court in this case (*Anderson* v. *American National Bank of Macon,* 149 *Ga.* 798, 102 S. E. 534), the court below properly overruled the general demurrer to the first count of the plaintiff's petition, but erred in overruling the general demurrer to the second count.

DECIDED APRIL 13, 1920.

Complaint; from Bibb superior court — Judge Mathews. January 8, 1918.

*Hardeman, Jones, Park & Johnston, Harry S. Strozier,* for plaintiff in error.

*Hall & Grice,* contra.

BROYLES, C. J. This case was first decided by this court on February 18, 1919, and it was then held that the plaintiff's petition (which consisted of two counts) showed no cause of action against the American National Bank, and the judgment of the trial court, overruling the general demurrer interposed to the petition, was reversed (*American National Bank* v. *Anderson, 23 Ga. App.* 434, 98 S. E. 421). From the oral argument before this court, participated in by counsel for both the plaintiff in error and the defendant in error, we understood that counsel agreed that the single controlling question in the case was whether there had been a consolidation or merger of the two defendant banks, and that unless there had been such a consolidation or merger, the plaintiff, under his petition as drawn, had no right of recovery against the American National Bank. And, as we recollect it, the arguments of all the counsel in the case were addressed to that question only. Upon a careful consideration of the pleadings and the authorities cited by

counsel for both sides, this court was of the opinion, and so held, that the petition failed to show a consolidation or merger of the banks; and, under the agreement (as we understand it) of the learned counsel on both sides, we thought that this adjudication settled the entire case; and in the opinion rendered by this court it was said: "The theory upon which the petition was drawn was, that under a certain written contract (a copy of which was attached as an exhibit to the petition), entered into between the two banks on August 11, 1914, a consolidation or merger of these banks resulted, and that the surviving bank — the American National Bank — was liable for the debts of the absorbed bank,— the Commercial; and especially, as in this case, for services rendered upon the request of both banks, although the services were performed under employment by the absorbed bank. As the petition is drawn, there can be no recovery against the American National Bank unless there was a consolidation or merger of the two banks." The case thereafter was carried, by certiorari, to the Supreme Court, which sustained the judgment of this court that the plaintiff's petition did not show a consolidation or merger of the defendant banks. The Supreme Court further held, however, that while the second count of the petition (which was based upon the alleged consolidation or merger of the two banks) was subject to general demurrer, the plaintiff, under the first count of his petition, was entitled to recover from the American National Bank, notwithstanding there had been no merger or consolidation of the banks. Accordingly the judgment of this court that the plaintiff's petition set forth no cause of action against the American National Bank was reversed. See the opinion of the Supreme Court in this case, rendered February 13, 1920, 149 *Ga.* 798 (102 S. E. 534).

It is therefore directed that the former judgment of this court in this case be vacated; and the judgment of the lower court is affirmed in so far as it overruled the general demurrer to the first count of the petition, and is reversed in so far as it overruled the general demurrer to the second count.

*Judgment affirmed in part and reversed in part. Luke and Bloodworth, JJ., concur.*