### ANDERSON *v.* AMERICAN NATIONAL BANK OF MACON *et al.*

Under the pleadings and evidence, the trial court erred in directing a verdict for the defendant.

No. 2176.   SEPTEMBER 24, 1921.

Equitable petition. Before Judge Mathews. Bibb superior court. May 12, 1920.

*Hall, Grice & Bloch,* for plaintiff.

*Jones, Park & Johnston* and *R. C. Jordan,* for defendant.

ATKINSON, J. This case was formerly before this court, when a judgment on demurrer to the original petition was reviewed. *Anderson* v. *American National Bank of Macon,* 149 *Ga.* 798 (102 S. E. 534). The petition contained two counts, and it was held that only the first count alleged a cause of action. Subsequently the case was tried on that count, and at the conclusion of evidence introduced by both sides the court directed a verdict for the defendants. The exception is to that judgment.

In so far as it related to count one, the statement of the case made by this court was as follows: "Commercial National Bank of Macon, being embarrassed financially, on August 1, 1914, decided to liquidate and wind up its banking business. To that end it entered into a contract with American National Bank of Macon, a copy of which is set forth in the opinion of the Court of Appeals, which opinion is brought here for review by a writ of certiorari, and it is unnecessary to set out this lengthy contract again. (For the sake of brevity the two banks will hereinafter be called the American Bank and the Commercial Bank.) Under that contract

all the assets of the Commercial Bank were transferred and assigned to the American Bank, the transferee assuming the obligations of the other bank and agreeing to reduce the assets to cash. It was stipulated in the contract, that the expense of realizing on the assets transferred and liquidating the business should be paid out of the proceeds of the assets transferred; that a sum equal to the liability assumed should be deducted from the proceeds; and that the American Bank should account to the stockholders of the Commercial Bank for any overplus that might remain. W. T. Anderson brought suit jointly against the American Bank and the Commercial Bank, for the recovery of an amount alleged to be due him for services rendered both banks as a member of the liquidating committee of the Commercial Bank in assisting the American Bank to reduce to cash assets which had been transferred and taken over by the American Bank under this contract. . . In the first count, after stating the existence and execution of the contract between the two banks and making reference to a copy thereof attached, it is alleged that on the first day of August, 1914, all the assets of the Commercial Bank had been transferred to the American Bank, and that on the 11th day of August, 1914, contemporaneously with the agreement between the two banks, 'the stockholders of the Commercial National Bank, at the request of the American National Bank, adopted a resolution appointing plaintiff as one of the committee to assist the American National Bank in reducing to cash the assets which originally belonged to the Commercial National Bank, . . . but which had been transferred and taken over by the American National Bank;' that petitioner did, from the 11th day of August, 1914, until the 27th day of September, 1917, in compliance with the provisions in said resolution, proceed to assist in liquidating the assets of the Commercial Bank; that he conferred from time to time with the American Bank as to notes, securities, and other choses in action which were transferred under the agreement, giving to this work his time and attention; that the reasonable value of plaintiff's services as set forth in the petition is $5,000 per annum; that under the agreement between the two banks all the assets of the Commercial Bank were assigned to and taken over by the American Bank; that the other bank on that date ceased to do a banking business; that the value of the assets transferred is ap-

proximately one million dollars; that by reason of the facts set forth the American Bank is liable to the plaintiff as a creditor of the said Commercial Bank for the debt due to plaintiff as aforesaid by the Commercial Bank. . . The prayers were for a judgment for the amount sued for, and for process." Relatively to this count, it was said in the opinion: "Under the allegations of the petition the plaintiff rendered valuable services in the necessary work of liquidating the assets of the Commercial Bank. In the performance of the duties undertaken by him he rendered services to the American Bank, conferring with them as to notes, securities and other choses in action which had been transferred by the Commercial Bank. These services were accepted by the American Bank. He had been named in a resolution appointing him as one of a committee to assist the American Bank in reducing the assets to cash. Services like these can properly be regarded and treated as a part of the expense incurred in realizing on the assets, which they were authorized to deduct from the proceeds of the assets. The contract under which these assets were transferred by the Commercial Bank to the American Bank contains the express provision that the latter bank accepted the appointment as liquidating agent of the other bank, and should proceed with all due diligence in the course of liquidation to collect and reduce to cash all of the assets, and that the actual expenses incurred by the American Bank in realizing on said assets should be deducted from the proceeds produced by realizing on said assets. The allegation that these services were of value to the American Bank is to be taken as true in passing upon the demurrer. The question as to whether the plaintiff could have sued on a quantum meruit against the American Bank alone for the value of his services is not involved, as the plaintiff has seen fit to sue both of them and to rely upon the contract and upon the value of the services rendered. We are of the opinion that the suit as brought is maintainable. The obligation of the American Bank to the Commercial rests upon the express terms of this contract, and under the provisions of that contract the services of the plaintiff in the case were rendered and were accepted by the liquidating agent. It is insisted by counsel for the American Bank that even if there was an undertaking entered into by that bank to pay for such services as those claimed to have been rendered, it was a

promise and undertaking to the Commercial Bank, and that a
party for whose benefit the promise was made could not maintain
a suit at law, that he would be compelled to bring a suit in equity
to obtain the benefit of the promise, and that the present action
is one at law.' Authorities are cited to support that contention.
The proper reply to that contention seems to us to be that the
present suit has all the necessary elements of an equitable petition
to entitle the plaintiff to the only judgment which could be ren-
dered, that is, a judgment for the value of his services. It is true
that the prayers are merely for judgment and for process. What
else would have been asked in the most formal equitable petition?
The petition shows clearly the relation of the defendants to one
another in this transaction, and shows the facts that were the
basis of the plaintiff's right under the contract, treating it as one
between the two banks. We think, therefore, that the general
demurrer to the petition was properly overruled by the trial judge.
And while his reason for doing so was placed upon the ground
about which we differ, nevertheless the entire petition should
not have been dismissed."

On the subsequent trial of the case the contract between the
two banks was proved; and there was parol evidence tending to
sustain the allegations of the petition, as to services rendered by
the plaintiff to the banks, and as to the acceptance of such services
by both banks and the value thereof. The plaintiff testified that
his inducements to render the services sued for were two resolu-
tions adopted by the Commercial Bank, August 11, 1914, and
a proposal made to him by Mr. Taylor, the president of the
American Bank. The minutes of the stockholders of the Com-
mercial Bank were introduced, which showed that the proposal
from Mr. Taylor was that the stockholders of the Commercial
Bank should "appoint a committee to work with him, to actively
handle with him the affairs of the Commercial National in liqui-
dating its assets," and that upon such proposal being reported at
a stockholders meeting by the plaintiff, the stockholders passed
the following resolution: "Whereas the stockholders have passed
a resolution appointing the American National Bank of Macon,
Georgia, liquidating agent of this bank as requested by the Comp-
troller of the United States. Now, therefore, be it resolved that
this meeting appoint L. O. Benton, J. F. Lewis, Leon S. Dure,

W. T. Anderson, and John J. McKay a special committee of five, who shall serve as a special stockholders' committee, representing the stockholders, whose duty it shall be to serve with the Board of Directors, and who shall be consulted before any final action is taken by the Board of Directors on all matters relating to the said liquidation by the said American National Bank. Compensation to be later determined by the Board of Directors." The minutes of the directors of the Commercial Bank, dated August 12, 1914, were also introduced. A resolution showed: " That the directors having heard the resolution of the stockholders, that they hereby instruct the committee of five, as follows: W. T. Anderson, Leon S. Dure, John F. Lewis, L. O. Benton, and John J. McKay, to proceed at once to conserve the interest of the stockholders in every way that they can." The minutes of the stockholders of the Commercial Bank, dated September 30, 1914, were also introduced, which showed the following resolution: " The committee of five stockholders of the Commercial National Bank of Macon, consisting of Leon S. Dure, W. T. Anderson, John F. Lewis, John J. McKay, and L. O. Benton, be appointed to act with the directors of the said Commercial National Bank and with the American National Bank of Macon in liquidating the assets of said Commercial National Bank, and that the directors of said bank take no final action in the matter of liquidation, without consulting with said committee." The further resolution at the same meeting provided: " That a special committee of three stockholders be appointed by the chairman to investigate the duties of the stockholders' committee of five, and report at the January meeting to said stockholders their recommendations as to proper compensation."

The trial judge was of the opinion, that the resolutions above quoted did not sustain the allegations of the petition, and that the plaintiff's services were rendered at the instance and request of the stockholders of the Commercial Bank, and, on the basis of such opinion, directed a verdict for the defendants. In rendering his decision the court stated: " Upon a careful reading of the minutes of the stockholders of the Commercial National Bank and of the resolutions passed at the meetings of the stockholders, I have concluded that a fair and reasonable construction of these writings does not sustain the proposition that there ever was a contract be-

tween the two banks who are defendants in this case, authorizing the American National bank to use the services of the plaintiff in reducing to cash the assets of the Commercial Bank. The resolution referred to in par. 3a of the declaration clearly does not so authorize, as the terms of the resolution now in evidence, clearly does not, though this is the resolution upon which this suit as originally brought was predicated. The motion made and carried in the meeting of September 30th, taken and construed under all the circumstances, does not, upon a careful reading of all the minutes, justify, in my opinion, the inference that there was any intention to increase or add to the duties of the plaintiff as a member of the committee of 5, or the committee itself, in regard to any of its duties material to this case, or contemplates any new or changed contract, or mutual relations of the two banks, with reference to this committee, or to each other. The Supreme Court places its opinion and ruling upon the allegation of par. 3a of the declaration The relations of the two banks to one another in this transaction afforded the basis of the plaintiff's rights under the contract, treating it as one between the two banks. In the absence of an agreement or contract between the banks with reference to the position of this committee, it would seem to follow that the suit is not maintainable. The contract claimed in this case rests. altogether on writings which are in evidence, and the court must construe these writings. I do not think they show such relations between the banks as afford a basis for this suit."

In reaching his decision the trial court unduly restricted the effect of the evidence. The action was upon a contract that was express as to the services to be rendered, but implied so far as concerns the compensation. There was evidence tending to show a request for such services by both corporations, but no evidence of an agreement as to the amount of compensation to be paid. The resolutions by the corporation were material only in so far as they tended to show authority in plaintiff to render the services. They were sufficient for that purpose. There was evidence that both corporations accepted the services of the plaintiff in collection of the assets of the Commercial Bank, and that such services were of some value. Giving effect to all such evidence the jury would have been authorized to hold that either or both banks were bound, under the former decision of this court, to pay the reasonable value of

plaintiff's services. The trial court erred in directing a verdict for the defendants. *Judgment reversed. All the Justices concur.*